UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES HOSKINS,

        Plaintiff,

       v.                                       Case No. 22-cv-873-bhl

CHRISTOPHER ERTL, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff James Hoskins, who is currently in custody at the Wisconsin Resource Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Hoskins' motion for leave to proceed without prepaying the full filing fee and to screen the amended complaint. Dkt. Nos. 2 & 6.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Hoskins has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Hoskins has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $85.42. The Court will therefore grant the motion for leave to proceed without prepaying the filing fee.

SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Hoskins has been in state custody since January 2022 awaiting trial on four felonies and two misdemeanors in Milwaukee County Circuit Court Case No. 22CF297. *See State of Wisconsin v. James Hoskins*, WISCONSIN CIRCUIT COURT ACCESS ("CCAP"), https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CF000297&countyNo=40&index=0&mode=details (last visited Jan.17, 2023). Defendants are criminal defense attorney Christopher Ertl, district attorney Owen Piotrowski, psychologist Thomas Deboer, and psychologist Deborah L. Collins**.** Dkt. No. 6.

Hoskins states that he was scheduled for a "90 day speedy trial" on the morning of May 9, 2022. *Id*. at 3; *see also* Wis. Stat. §971.10(2)(a). The accuser was not present, so, after calling the accuser, Ertl and Piotrowski agreed to continue the matter to the afternoon and, when the accuser still failed to appear, to the following day. Dkt. No. 6 at 3. The accuser was still not present the next day, so the trial did not occur. *Id*. Instead, the state court judge ordered Hoskins to submit to a competency evaluation, at the request of counsel, and "tolled" the speedy trial clock pending completion of the competency evaluation. *Id.*; *see* Wis. Stat. §971.10(3)(a); *see also* CCAP, *supra.*

According to the docket, the state court held then hearings on June 9 and July 11, 2022 to review competency evaluations drafted by Collins and Deboer and found that Hoskins lacked substantial capacity to understand court proceedings or to assist in his own defense. *See* CCAP, *supra*. On July 11, 2022, the judge suspended the trial, pursuant to Wis. Stat. §971.14(5)(a), and ordered Hoskins committed to the Department of Health and Family Services for institutional care in order to restore competency within the statutory time frame. *Id*. Hoskins then filed a motion

3

for a speedy trial, and the judge denied the motion on October 14, 2022, explaining that that case was suspended until January 10, 2023, so time limits were tolled. *Id.; see also* Wis. Stat. §971.14(5)(a) ("If the court determines that the defendant is not competent but is likely to become competent within the period specified in this paragraph if provided with appropriate treatment, the court shall suspend the proceedings and commit the defendant to the custody of the department for treatment for a period not to exceed 12 months, or the maximum sentence specified for the most serious offense with which the defendant is charged, whichever is less."). On January 10, 2023, the state court held a review hearing, found Hoskins competent to proceed, and reinstated proceedings, including the previous cash bail. *See* CCAP, *supra*.

Hoskins states that the speedy trial demand would have expired on June 1, 2022 (had the Court not suspended it), and he still has not had a trial. Dkt. No. 1 at 2-3. He alleges that Ertl and Piotrowski have "conspired" with Collins and Deboer to violate his right to a speedy trial. *Id*. at 4-5. Hoskins seeks monetary damages and asks that "both lawyers and both doctors be removed from their post." *Id*. at 5.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his]

4

knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The Sixth Amendment provides that in "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." *Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015) (internal quotations and citation omitted). The speedy trial right attaches when an individual is "indicted, arrested, or otherwise officially accused." *Id*. Whether the right to a speedy trial has been violated depends on four factors: (1) the length of the delay, (2) the reasons for the delay, (3) whether the individual asserted his right to a speedy trial, and (4) any prejudice the individual suffered by the delay. *Id*. (citing *Barker v. Wingo,* 407 U.S. 514, 530 (1972)).

Hoskins' efforts to pursue speedy trial claims against the defendants in this case fail for a variety of reasons. As an initial matter, Hoskins has not plausibly alleged facts supporting a conspiracy. *See Smith* v. *Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) (noting that conspiracy is not an independent basis for liability under §1983; instead, it requires that the plaintiff show an underlying constitutional violation and demonstrate that the defendants agreed to cause the constitutional harm.); *see also Daugherty* v. *Page*, 906 F.3d 606, 612 (7th Cir. 2018) (noting that a §1983 conspiracy claim requires allegations that the defendants reached an agreement to deprive the plaintiff of his constitutional rights and that a member of the conspiracy took an overt act to deprive him of those rights.) Hoskins does not allege anything from which the Court can reasonably infer that the defendants "reached an agreement" to deprive him of his constitutional rights. Because he has not properly alleged a conspiracy, he has no cognizable §1983 claim against his criminal defense attorney Ertl. Absent a properly alleged conspiracy or similar allegations, a

5

criminal defense attorney is simply not a "state actor" for purposes of §1983. *See Agrawal v. Pallmeyer*, 313 Fed. Appx. 866, 868 (7th Cir. 2009).

Similarly, Hoskins has no claim against Piotrowski, the prosecutor assigned to Hoskins' criminal case. As prosecutor, Piotrowski is entitled to absolute immunity for acts "intimately associated with the judicial phase of the criminal process," like stipulating to a continuance when the accuser is not available and stipulating to a competency evaluation. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Hoskins allegations against Piotrowski relate solely to acts associated with the judicial phase of the criminal process and, as a result, are barred by prosecutorial immunity.

With respect to Hoskins' claims against Collins and Deboer, a state court judge ordered them to complete competency evaluations by June 9, 2022 and July 11, 2022 (respectively), and they timely complied with the judge's order. *See* CCAP, *supra*. Their compliance with state court deadlines is not a plausible basis for Collins and Deboer to be held personally responsible for any speedy trial issues. Further, as noted above, there also are no allegations from which the Court can reasonably infer that Collins' and Deboer's competency evaluations were influenced by Ertl or Piotrowski. A state court judge ultimately suspended Hoskins' criminal trial because he lacked competence to stand trial and the judge is entitled to absolute immunity for that judicial act. *See Polzin v. Gage*, 636 F.3d 834 (7th Cir. 2011); *see also Firkins v. Nester*, No. 17-CV-362-MJR, 2017 WL 2378194, at *3 (S.D. Ill. June 1, 2017) (dismissing a Sixth Amendment claim at screening because "[w]ithout a doubt, [a judge's] responses to Plaintiff's motions filed in state court, and his decisions on the scheduling and postponements of Plaintiff's [criminal] trial dates,

are judicial acts" entitled to absolute immunity). Hoskins therefore fails to state a claim upon which relief can be granted and the Court will dismiss this case.[1]

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$264.58** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

---

[1] The United States Supreme Court has stated that dismissal of criminal charges is the "only possible remedy" for violation of a right to a speedy trial. *Barker v. Wingo,* 407 U.S. 514, 522-23 (1972). But the Seventh Circuit has since noted that *Barker* was "a direct criminal appeal where the prosecutor had argued that less drastic remedies such as applying the exclusionary rule to certain evidence or granting a new trial would be more appropriate than outright dismissal." *Hart v. Mannina*, 798 F.3d 578, 595 n.4 (7th Cir. 2015). According to the Seventh Circuit, "[t]he [Supreme] Court had no occasion to consider whether damages are available in a civil case under §1983." *Id*. Thus, it still remains unclear whether monetary damages are even available under these circumstances.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin on January 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.